FURST *v.* KRUSCHWITZ.

SPECIFIC PERFORMANCE—PAYMENTS—EVIDENCE—SUFFICIENCY.
>   In a suit for the specific performance of a land contract, the finding of the court below that plaintiff had made certain disputed payments entitling him to a decree, *held*, sustained by the record.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 19, 1921. (Docket No. 111.) Decided December 21, 1921.

Bill by Irving Furst against Adolph Kruschwitz and another for the specific performance of a land contract. From a decree for plaintiff, defendants appeal. Affirmed.

*Edward B. Benscoe,* for plaintiff.

*J. W. Bennett* and *Frederick Miller,* for defendants.

CLARK, J. Plaintiff, purchaser, was decreed specific performance of a land contract and defendants, vendors, have appealed. The contract was dated September 6, 1917. The consideration was $6,350, $1,000 down and balance due vendors in deferred payments of $40 or more per month. Many payments were made and indorsed on the contract. The dispute relates to 6 payments made between December 17, 1918, and February 22, 1920, ranging in amount from $40 to $1,100 and in a total of $2,960. These were not indorsed on the contract. Plaintiff testified to the payment of these items to defendants and produced receipts, which he claimed were signed by defendant Adolph. Between the amount claimed to have been

paid by plaintiff and the amount claimed to have been received by defendants, there was a difference of nearly $2,000. The testimony of other witnesses was taken, but the flat contradiction remained. There were circumstances tending to discredit the testimony of both parties, particularly the plaintiff. Judge Webster, being perplexed, suggested that the testimony of an expert in handwriting be had. This was done. The expert testified that the receipts in question were all signed by the said defendant as claimed. Whereupon said defendant admitted the signing and again denied receiving the money.

As here presented the case is close upon the facts, a further review of which will profit no one. But we are inclined to the view that plaintiff has made a case for equitable relief and we are confirmed in this by the action of the trial judge who saw the witnesses and heard their testimony.

Decree is affirmed, with costs to plaintiff.

STEERE, C. J., and MOORE, WIEST, STONE, BIRD, and SHARPE, JJ., concurred. FELLOWS, J., did not sit.